IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERRY BLANEY, } | |
| TDCJ-CID NO.1519297, } | |
|     Plaintiff, } | |
| v. } | CIVIL ACTION NO. H-08-3402 |
| } | |
| TEXAS VETERANS ADMINISTRATION } | |
| REGIONAL OFFICE, *et al*., } | |
|     Defendants. } | |

OPINION ON DISMISSAL

Plaintiff, a state inmate, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket Entry No.1). Plaintiff has also filed an application to proceed *in forma pauperis*. (Docket Entry No.2). For the reasons to follow, the Court will grant his request to proceed as a pauper and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Claims

Plaintiff alleges that Dr. Fear of the Veterans Affairs Domiciliary in White City, Oregon, failed to inform him in 2004 that plaintiff had tested positive for Hepatitis B and C. (Docket Entry No.1). Plaintiff learned of the infection sixteen months later; by then he had suffered severe damage to his liver and kidneys. (*Id.*). In 2007, plaintiff filed a disability claim with the Veterans Administration ("VA"), alleging that he acquired the disease though inoculations that he received while in the Army. (*Id.*). The Texas Veterans Administration Regional Office ("Regional Office") denied the claim on the basis of some unknown evidence from an undisclosed source. (*Id.*). Plaintiff requested a copy of this evidence but the VA refused to disclose it. (*Id.*). Plaintiff later learned that around the time he filed such claim in 2007, the

1

Regional Office requested a copy of a prior disability claim that plaintiff had filed regarding an inner-ear disorder. (*Id.*). Plaintiff did not authorize the release of such information and was not informed of the name of the person employed by the Board of Veterans Appeals ("BVA") who actually disclosed his claim to the Regional Office. (*Id.*). The Regional Office refused to respond and later returned the appeal to the BVA. (*Id.*).

Plaintiff claims that the BVA has not ruled on his claim for eighty-seven months and has disclosed his appeal claims to "whoever asks, without a signed consent." (*Id.*). He also claims the VA owes him back pay of $5,250.00. (*Id.*).

Standard of Review

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). A complaint fails to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007); *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007). Although material allegations in the complaint must be accepted as true and construed in the light most

favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the factual allegations. *Twombly*, 127 S.Ct. at 1964-65 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level).

## Discussion

Civil rights claims brought under 42 U.S.C. § 1983 are limited to constitutional violations by state officials. *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999), *overruled on other grounds by Castenllano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Because plaintiff filed the pending suit against a federal agency and its employees, he cannot bring this action under § 1983 or under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994) (holding that *Bivens* cause of action cannot be brought against a federal agency).

Although plaintiff complains that someone from the BVA released information regarding one of his previous disability claims to the Regional Office of the Texas Veterans Administration without his consent; he does not allege that the disclosure was to a person outside the agency in violation of the Privacy Act. 5 U.S.C. § 522a(b)(1). Therefore, he fails to state a claim upon which relief may be granted with respect to such privacy claim. *See Logan v. Dep't of Veterans Affairs*, 357 F.Supp.2d 149 n.10 (D.D.C. July 28, 2004).

Plaintiff's claims against defendants are not legally actionable and he fails to state a Privacy Act claim upon which relief may be granted; accordingly, plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Conclusion

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's application to proceed as a pauper (Docket Entry No.2) is GRANTED. The Texas Department of Criminal Justice-Correctional Institutional Division will deduct twenty per cent (20%) of each deposit made to the plaintiff's inmate trust fund account and pay this to the Court on a regular basis, provided the account exceeds $10, until the filing fee of $350.00 is paid.

2. Plaintiff's complaint is DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B). All claims against all defendants are DENIED.

3. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the parties and to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793, and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 1st day of December, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE